Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JULIA PIRANI**, | Case No. 3:24-cv-01495 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **CAREOREGON, INC.**, | (29 U.S.C. § 2615; 42 U.S.C. § 1981; ORS 659A.030; ORS 659A.183; ORS 659A.199; Wrongful Discharge) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for Plaintiff to redress injuries done to Plaintiff by

Page 1 – COMPLAINT

Defendant, and/or officers, employees, or agents of said Defendant in contravention of Plaintiff's federally protected rights in violation of 29 U.S.C. § 2615 and 42 U.S.C. § 1981 and Plaintiff's state protected rights in violation of Oregon anti-discrimination laws ORS 659A.030, ORS 659A.183, ORS 659A.199, and common law wrongful discharge.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 because the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant CareOregon, Inc. (hereinafter "Defendant" or "CareOregon") was and is at all material times herein mentioned an Oregon nonprofit corporation with its principal place of business in Portland, Oregon.

5.

Plaintiff is and was domiciled in Portland, Oregon at all material times herein.

6.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors, and management.

///

Page 2 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

7.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination.

8.

Plaintiff is a Brown, Southeast Asian American, also known as Indian American. Plaintiff is female presenting, non-binary, and queer. During Plaintiff's employment, Plaintiff asked coworkers not to use any pronouns to refer to Plaintiff. Currently, Plaintiff's pronouns are they and them.

9.

Defendant hired Plaintiff on or about June 28, 2011 as a Senior Administrative Assistant – Provider Services. During Plaintiff's employment with Defendant, Defendant promoted Plaintiff and increased Plaintiff's wages periodically. Plaintiff's final position with Defendant was Vice President – Strategic Business Initiates.

10.

Plaintiff understands that various employees and managers of Defendant expected Plaintiff to conform to gender-based stereotypes and did not like that Plaintiff did not so conform. Specifically, Plaintiff is an assertive, confident, non-binary female presenting person who is willing to voice their opinion and/or provide feedback to Defendant's management and coworkers in furtherance of the duties of their position.

11.

During Plaintiff's employment with Defendant, Plaintiff was subjected to severe and/or pervasive discriminatory comments and/or conduct based on Plaintiff's race, ethnicity, color, sex, gender, sexual orientation. A combination of the severe and/or pervasive discriminatory comments and conduct caused an

Page 3 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

abusive work environment that polluted Plaintiff's workplace, making it more difficult for Plaintiff to do their job, to take pride in their work, and to desire to stay in their position. The comments and conduct include but are not limited to:

    A.    Plaintiff was regularly excluded from meetings, decisions, and/or conversations while other lateral employees were included.

    B.    Plaintiff's ideas and/or inquiries were dismissed or minimally acknowledged while the ideas and/or inquiries of male Vice Presidents ("VPs") were welcomed, thoroughly discussed, and/or were praised.

    C.    When Plaintiff would present ideas or suggestions to Defendant's management, Plaintiff would be instructed to "make a business case." When Plaintiff would make a business case, Defendant would disregard Plaintiff's ideas. Other similarly situated employees were not required to make a business case, and their ideas or suggestions were simply taken at face value and pursued or adopted.

    D.    White male employees would often instruct Plaintiff to perform secretarial duties for them which were outside of Plaintiff's job description. To Plaintiff's knowledge, other similarly situated employees were not treated similarly.

    E.    Plaintiff's coworkers would disregard Plaintiff's requests for information or clarification. Conversely, when other employees asked the same question(s), they would receive prompt responses, or at least be acknowledged.

    F.    Defendant's management would correct Plaintiff if a communication from Plaintiff was perceived as too direct. Plaintiff witnessed other similarly situated employees often communicate in an unprofessional or otherwise very direct manner, and to Plaintiff's knowledge, those employees were not similarly corrected.

    G.    Plaintiff and some female presenting employees witnessed and experienced misogynistic and sexist behaviors from Defendant's management and/or employees.

    H.    Plaintiff understood that Defendant expected female presenting employees generally to be seen and not heard.

Page 4 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

      I.      Plaintiff understood that Defendant expected female presenting employees to be less direct in their communications, more kind, and more friendly than male presenting employees. Female presenting employees were to be more docile and submissive.

      J.      Employees who did not present as heterosexual white cis males tended to be micromanaged and were recognized less often for their contributions than employees who presented as heterosexual white cis males. Indeed, heterosexual white cis males were allowed to express more independence in their work and tended to be positively recognized for their contributions even when those contributions were less significant than contributions of employees who did not present as heterosexual white cis males that were not recognized.

      K.      Defendant provided more attention, resources, advice, and support to heterosexual white cis males than it did to employees who did not present as heterosexual white cis males.

      L.      Defendant expected Plaintiff to perform the labor to connect with their male presenting coworkers when it did not expect its male presenting employees to make similar efforts to connect with Plaintiff.

12.

In or about Spring of 2021, Plaintiff's direct supervisor resigned from their position. After the resignation, Defendant's support for Plaintiff's body of work related to Tribal Care Coordination and Strategic Business Partnerships diminished greatly.

13.

Defendant transitioned Plaintiff's unit to James Mason's oversight. Mason is the Chief Human Resources ("HR") Officer. Unfortunately, the relationship between Plaintiff and Mason deteriorated over time because of Mason's behavior toward Plaintiff and other employees of different races, sexes, genders, and/or sexual orientations. For example, as time went on, Mason began excluding Plaintiff from

Page 5 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

various aspects of Defendant's business and from important communications. Mason also shifted Plaintiff to working on menial tasks and instructed other employees to perform the more important tasks that Plaintiff ordinarily would have performed previously. Additionally, Mason subjected Plaintiff to microaggressions, undermined Plaintiff in front of Plaintiff's peers, micromanaged Plaintiff, subjected them to the silent treatment, and would not make eye contact with Plaintiff. For example, Mason asked Plaintiff "how is that working for you?" referring to Plaintiff's request that coworkers not use any pronouns to refer to Plaintiff.

14.

During the early period of Mason's supervision of Plaintiff through in or about summer of 2023, Mason would complain regularly to Plaintiff about other employees, including the fact that other employees had made complaints about Mason. If Mason learned an employee had complained about him, or if Mason felt he had been challenged by a female employee, he would speak ill of those employees to Plaintiff. Plaintiff also heard Mason joke about firing staff on a few occasions in group settings. As time went on, Plaintiff felt as though Mason was undermining Plaintiff to other employees, including Plaintiff's subordinates.

15.

On at least one occasion, Plaintiff reported to Mason that during Plaintiff's employment, some employees had given Plaintiff "a hard time" because of the employees' "unconscious biases." Instead of taking action to address Plaintiff's treatment, Mason instructed Plaintiff to threaten those employees with having to deal directly with Mason instead of Plaintiff, thereby further undermining Plaintiff's role in the organization. Plaintiff felt this suggestion was archaic and paternalistic.

16.

Mason witnessed employees subjecting Plaintiff to microaggressions. Mason would not intervene or take any remedial action to address the microaggressions.

Page 6 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

On one occasion, Mason informed Plaintiff that had Plaintiff not used the term "white supremacist culture," Plaintiff would not have been subjected to microaggressions. Plaintiff felt Mason was engaging in "victim blaming" by placing the blame on Plaintiff for the microaggressions Plaintiff endured.

17.

On or about July 31, 2023, Plaintiff discussed Mason's conduct with Meridith Green, Defendant's VP of People and Culture. During the conversation, Plaintiff raised specific concerns about Mason's behavior toward Plaintiff and others. Green suggested ways to address Plaintiff's complaints, emphasizing that Plaintiff speak directly with Mason.

18.

During Plaintiff's conversation with Mason, Plaintiff expressed to Mason that Plaintiff felt Mason was subjecting Plaintiff and others to differential treatment, which included but was not limited to microaggressions. Plaintiff also raised issues about their observations of and experiences with organizational racism, sexism, misogyny, and homophobia. Plaintiff felt that Mason was not receptive to Plaintiff's reports.

19.

Plaintiff later reported to Green that the meeting with Mason did not go well and that Plaintiff felt "used" or words to that effect. Later, Green informed Plaintiff that Mason had told Green that Plaintiff was "mad at" him.

20.

Over the following two weeks, communications between Mason and Plaintiff fell off precipitously. Plaintiff was excluded from important decision-making, including staffing decisions. Plaintiff felt they had no alternative but to file a formal complaint about Mason with Green.

///
///

Page 7 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

21.

On or about August 15, 2023, Plaintiff emailed Green with the subject line, "Confidential Complaint." Plaintiff shared various supporting documents with Green, both as attachments to the email and via chat. Plaintiff's complaint and supporting documentation reported that Mason's management style included tactics such as intimidation, harassment, and retaliation. Plaintiff reported that they believe that Mason subjected Plaintiff to this conduct in part because of Mason's "unconscious sexism." Additionally, Plaintiff reported issues to Green regarding the organization as a whole, including racism, sexism, misogyny, homophobia, unconscious bias, and microaggressions. Plaintiff explained that their experiences reflected this corporate culture. Plaintiff intimated that Mason did not have an appetite to address these systemic issues when they arose or when brought to his attention.

22.

In response to Plaintiff's complaint, Green informed Plaintiff on or about August 31, 2023 that an outside consultant would be reaching out to begin an investigation. Green told Plaintiff that she expected that several people would be interviewed, and that Mason would be informed on Friday that Pirani had filed a complaint against him. Plaintiff responded that they understood that the Chief Executive Officer Eric Hunter had already informed the C Suite that Plaintiff had filed a complaint against Mason. Additionally, Plaintiff requested Mason be informed of the prohibition of retaliation as Plaintiff expected and feared that Mason would do just that.

23.

Defendant hired an attorney from the Buchalter law firm to conduct the investigation. Plaintiff spoke with the attorney for approximately 90 minutes regarding harassment and retaliation in Defendant's workplace on or about September 25, 2023.

Page 8 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

24.

Despite having made reports to Green, Hunter, and the attorney Defendant hired to investigate, Plaintiff heard nothing further regarding the outcome of the investigation or Defendant's response to Plaintiff's complaints against Mason.

25.

On or about October 17, 2023, Hunter informed Plaintiff that Plaintiff and Plaintiff's team may be moved to a different department. Plaintiff was surprised by this information, but Hunter assured Plaintiff that they were needed by Defendant and Plaintiff was a critical component of the team.

26.

On or about October 27, 2023, during a conversation with Green about the potential move to a different department, Plaintiff indicated that they thought the investigation into Plaintiff's complaints had been completed. Green responded that she had not heard anything regarding the investigation.

27.

During this time, Mason was not being properly responsive to Plaintiff's business communications. A colleague informed Plaintiff that Plaintiff's team was being moved away from Plaintiff and placed under the supervision of Nora Leibowitz, who was the Chief Strategy Officer.

28.

On or about November 10, 2023, Green sent an email stating that the investigation into Plaintiff's complaints against Mason was completed and that the matter was closed. Plaintiff understood that Plaintiff and Plaintiff's team were to continue reporting directly to Mason.

29.

At 7:45 a.m. on November 14, 2023, Plaintiff attended a doctor appointment to get approved to take medical leave under the Family Medical Leave Act ("FMLA") and/or the Oregon Family Leave Act ("OFLA") due to the emotional

Page 9 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

distress Plaintiff was experiencing as a result of the discrimination and hostile work environment they were experiencing, and Defendant's failure to adequately respond to Plaintiff's reports and complaints. That day, Plaintiff applied for FMLA and/or OFLA leave with The Standard, which is the company that handles Defendant's protected leave requests.

30.

During the afternoon of November 14, 2023, Green provided Plaintiff with a Notice of Layoff to Affected Employee. The document alleged that Defendant was restructuring, causing Plaintiff's position to be eliminated on or about December 31, 2023. Notably, the document also indicated that the layoff was not the result of performance issues and attributed no fault to Plaintiff for the layoff. Plaintiff was offered a severance package, which Plaintiff declined.

31.

Plaintiff's last day of employment with Defendant was December 29, 2023.

## First Claim for Relief
## 42 U.S.C. § 1981 – Discrimination

32.

Plaintiff realleges paragraphs 1 through 31 above as fully set forth herein.

33.

Defendant discriminated against Plaintiff in the terms and conditions of their employment, including but not limited to micromanaging Plaintiff, subjecting Plaintiff to differential treatment, changing Plaintiff's job duties, subjecting Plaintiff to a hostile work environment, and/or terminating their employment on the basis of their race in violation of 42 U.S.C. § 1981.

34.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits,

Page 10 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

35.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of self-confidence, and loss of enjoyment of life all to their non-pecuniary loss in an amount to be determined at trial.

36.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

37.

Plaintiff is entitled to recover their costs and attorney fees pursuant to 42 U.S.C. § 1988.

38.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## Second Claim for Relief
### ORS 659A.030 – Discrimination

39.

Plaintiff realleges paragraphs 1 through 38 above as fully set forth herein.

40.

Defendant discriminated against Plaintiff in the terms and conditions of their employment, including but not limited to micromanaging Plaintiff, subjecting Plaintiff to differential treatment, changing Plaintiff's job duties, subjecting

Page 11 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

Plaintiff to a hostile work environment, and/or terminating their employment on the basis of their race, ethnicity, color, sex, gender, sexual orientation, and/or a combination of these factors in violation of ORS 659A.030.

41.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

42.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of self-confidence, and loss of enjoyment of life all to their non-pecuniary loss in an amount to be determined at trial.

43.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

44.

Plaintiff is entitled to recover their costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

45.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

///

Page 12 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

### Third Claim for Relief

### 42 U.S.C. § 1981 – Hostile Work Environment

46.

Plaintiff realleges paragraphs 1 through 45 above as fully set forth herein.

47.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected their employment opportunities.

48.

Plaintiff realleges their damages as stated in paragraphs 34 through 38 above.

### Fourth Claim for Relief

### ORS 659A.030 – Hostile Work Environment

49.

Plaintiff realleges paragraphs 1 through 48 above as fully set forth herein.

50.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected their employment opportunities.

51.

Plaintiff realleges their damages as stated in paragraphs 41 through 45 above.

///
///

Page 13 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

## Fifth Claim for Relief

### 42 U.S.C. § 1981 – Retaliation

52.

Plaintiff realleges paragraphs 1 through 51 above as fully set forth herein.

53.

Defendant discriminated against Plaintiff in the terms and conditions of their employment because of Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

54.

Plaintiff realleges their damages as stated in paragraphs 34 through 38 above.

## Sixth Claim for Relief

### ORS 659A.030 – Retaliation

55.

Plaintiff realleges paragraphs 1 through 54 above as fully set forth herein.

56.

Defendant discriminated against Plaintiff in the terms and conditions of their employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

57.

Plaintiff realleges their damages as stated in paragraphs 41 through 45 above.

## Seventh Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

58.

Plaintiff realleges paragraphs 1 through 57 above as fully set forth herein.

///

///

Page 14 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

59.

Defendant retaliated against Plaintiff in the terms and conditions of their employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

60.

Plaintiff realleges their damages as stated in paragraphs 41 through 45 above.

### Eighth Claim for Relief

**ORS 659A.183 – OFLA Interference, Discrimination, and/or Retaliation**

61.

Plaintiff realleges paragraphs 1 through 60 above as fully set forth herein.

62.

At all material times, Defendant employed at least 25 employees in Oregon.

63.

At all material times, Plaintiff worked an average of at least 25 hours per week.

64.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under Oregon law.

65.

As set forth above, Defendant denied, interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to utilize leave protected under the Oregon Family Leave Act ("OFLA") by discouraging or preventing Plaintiff from taking leave and/or by taking adverse employment action against Plaintiff, including but not limited to terminating their employment.

///

Page 15 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

66.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

67.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

68.

Plaintiff is entitled to recover their reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885.

## Ninth Claim for Relief

**29 U.S.C. § 2615 – FMLA Interference, Discrimination, and/or Retaliation**

69.

Plaintiff realleges paragraphs 1 through 68 above as fully set forth herein.

70.

At all material times, Defendant employed at least 50 employees in the United States.

71.

At all material times, Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the leave.

72.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under federal law.

///

Page 16 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

73.

As set forth above, Defendant denied, interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to utilize leave protected under the Family and Medical Leave Act ("FMLA") by discouraging or preventing Plaintiff from taking leave by taking adverse employment actions against Plaintiff, including but not limited to terminating their employment.

74.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

75.

Plaintiff is entitled to interest on the amount of damages alleged in paragraph 74 calculated at the prevailing rate pursuant to 26 U.S.C. § 2617(a)(1)(A)(ii).

76.

Plaintiff is entitled to liquidated damages equal to the sum of the amount described in paragraph 74 plus the interest described in paragraph 75 pursuant to 26 U.S.C. § 2617(a)(1)(A)(iii).

77.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

///
///

Page 17 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

78.

Plaintiff is entitled to recover their reasonable attorney fees, expert fees, costs, and disbursements pursuant to pursuant to 26 U.S.C. § 2617(a)(3).

## Twelfth Claim for Relief

**Wrongful Discharge**

79.

Plaintiff realleges paragraphs 1 through 78 above as fully set forth herein.

80.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking their rights and/or utilizing and/or attempting to utilize protected OFLA leave. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 659A.183; OAR 839-099-0200, *et seq.*; and *Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

81.

Defendant, through its agents and/or employees, violated the above public policy by denying, failing to provide, interfering with, discriminating, and/or retaliating against Plaintiff for inquiring about and/or invoking their rights and/or utilizing and/or attempting to utilize protected medical leave. The discharge was unlawful and in violation of the public policy of the State of Oregon.

82.

Defendant's termination of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

///

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

83.

Plaintiff realleges their damages as stated in paragraphs 41 through 45 above.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination, or for retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Interest in an amount to be determined at trial;
5. Liquidated damages in an amount to be determined at trial;
6. Punitive damages in an amount to be determined at trial;
7. Reasonable costs and attorney fees; and
8. For such other and further relief as the Court may deem just and equitable.

DATED this 6th day of September, 2024.

BAKER LAW PC

*s/ Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff

Page 19 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800